UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
COURT FILE NO.: _____

LENDA FERNANDEZ,

        Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

        Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7. Plaintiff Lenda Fernandez (hereinafter "Plaintiff"), is a natural person residing in the County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. § 1692k(a).

### Defendant Midland Credit Management, Inc.

8. Defendant Midland Credit Management, Inc. (hereinafter "Defendant"), is a Kansas corporation with its principal place of business located at 3111 Camino Del Rio North, Suite 103, San Diego, CA 921085757.

9. Defendant's principal purpose is the collection of debts owed or due or asserted to be owed or due to entities other than Defendant. Defendant uses the mail and instrumentalities of commerce to affect this purpose. Defendant is therefore a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

### FACTUAL SUMMARY

10. Sometime prior to 2017, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), namely an account with Credit One Bank, N.A. account number 447962258048598.

11. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

12. On January 27, 2017, Plaintiff filed a Chapter 7 Bankruptcy, Court File No: 17-10986-AJC. (*See* Exhibit A, Voluntary Petition).

13. In Plaintiff's Chapter 7 Bankruptcy filing, in the Schedule F Creditors Holding Unsecured Nonpriority Claims section, Plaintiff referenced both Credit One Bank, N.A., specifically the account number 447962258048598,

3

and Defendant. (*See* Exhibit B, Schedule F – Creditors Holding Unsecured Nonpriority Claims, redacted).

14. Plaintiff scheduled Defendant as a nonsecured creditor in the bankruptcy at an address of 2365 Northside Drive, Suite 30, San Diego, CA 92108.

15. Notice of filing of the Bankruptcy was sent by the bankruptcy Noticing Center to Defendant by first class mail to the scheduled address. It was not returned by the post office.

16. On or about January 18, 2017, Plaintiff received a letter from Defendant, dated January 18, 2017 (the "Letter"). (*See* Exhibit C, Defendant's January 18, 2017 Letter).

17. Defendant's Letter is the initial communication from Defendant to Plaintiff.

18. Defendant's Letter identifies a mailing address, telephone number, and website for Defendant as well as the name of the original creditor. (*See* Exhibit C, Defendant's January 18, 2017 Letter).

19. Defendant's Letter conveyed that Plaintiff's Credit One Bank, N.A. account has been placed with Defendant for collection, despite the fact that it was in included in her bankruptcy. (*See* Exhibit C, Defendant's January 18, 2017 Letter).

20. Defendant demanded payment of the Credit One Bank, N.A account and stated that "You are hereby notified that a negative credit report on your credit record may be submitted to a credit reporting agency if you fail to meet

4

the terms of your credit obligations." (*See* Exhibit C, Defendant January 18, 2017 Letter).

21. Defendant's collection campaign used false, deceptive, or misleading representation or means in connection with the collection of any debt, specifically but not limited to the false representation of the character, amount, or legal status of a debt. Consequently, Defendant is in violation of 15 U.S.C. § 1692e(2)(A).

## PLAINTIFF'S DAMAGES

22. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

23. Defendant's aforementioned conduct and violations have caused Plaintiff's psychological well-being and sense of self-worth to suffer.

24. Plaintiff suffered actual damages under the FDCPA in the form of sleeplessness, nervousness, depression, feelings of guilt, worthlessness, helplessness, as well as headaches and other physical symptoms. Plaintiff felt compelled to seek the assistance of an attorney in order to attempt to resolve this matter which she thought was being resolved by her bankruptcy proceeding filed and docketed in the Southern District of Florida.

25. Plaintiff has also suffered emotional distress in the form of hopelessness, stress, irritation, loss of sleep, anger, frustration, anxiety, loss of time, and fear, all as a result of Defendant's conduct.

## STANDING

26. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

27. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide accurate and complete information in connection with its debt collection

### Respondeat Superior Liability

28. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

29. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant, in collecting consumer debts.

30. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

31. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited

to violations of the FDCPA and Florida law, in their attempts to collect this debt from Plaintiff.

*Summary*

32. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

33. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

7

37. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II

### AUTOMATIC STAY VIOLATION
### 11 U.S.C. § 362

38. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

39. Section 362(a)(6) of the Bankruptcy Code provides that Plaintiff's bankruptcy filing operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

40. Defendant's actions in sending Plaintiff a collection letter on January 18, 2017, violated the automatic stay.

41. Defendant's actions were willful and in full knowledge and awareness of Plaintiff's bankruptcy filing and that the automatic stay was in effect.

42. Defendant's violations of the automatic stay entitle Plaintiff to actual damages, attorneys' fees and costs, as well as punitive and/or exemplary damages under Sections 362(k) and any other applicable sections of the Bankruptcy Code.

43. The knowing, conscious, deliberate, and willful violations of the automatic stay by Defendant is in contempt of the bankruptcy court and are further punishable

under Sections 105(a) of the Bankruptcy Code.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- Finding Defendants in contempt of court for having knowingly, willfully, and deliberately violated the automatic stay.

Respectfully submitted,

Dated: 03/17/2017

Andy R. Hernandez, Esq.
Attorney I.D. 059970
2828 Coral Way, Suite 206
Miami, FL 33145
Telephone: (305)-444-4407
andy@arhlegal.com

9

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF FLORIDA            )
                            ) ss.
COUNTY OF MIAMI-DADE        )

I, Lenda Fernandez, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Lenda Fernandez

Subscribed and sworn to before me
this day: 3/17/2017 .

Notary Public

Maria Karla Gonzalez
Commission # FF061268
Expires: Oct. 09, 2017
WWW.AARONNOTARY.com

10